**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MANETIRONY CLEVRAIN,

                              Plaintiff,

   v.                                                     1:20-CV-0389 (TJM/CFH)

ROSSANA ROSADO,

                              Defendant.
_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES**:

Manetirony Clervrain
19001382
Moore Detention Center
111 S. Alabama Street
Okmulgee, OK 74447
Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Manetirony Cleverain purported to commenced this action on April 2, 2020 with the filing of a complaint and application to proceed in forma pauperis. Dkt. Nos. 1, 2. This Court administratively closed the matter to provide plaintiff an opportunity to comply with the filing fee requirement. Dkt. No. 3. Plaintiff then submitted a second application to proceed IFP. Dkt. No. 4. After review of plaintiff's IFP application, it appears plaintiff may financially qualify to proceed IFP. Thus, for

purposes of this review only, plaintiff is permitted to proceed IFP for filing only.[1]

## II.  Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action.  As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine

---

[1] Plaintiff is advised that, despite being granted IFP status, he will still be required to pay any costs he may incur in this action, including, but not limited to, copying fees or witness fees.

of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

3

352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Initial Review

Plaintiff's complaint utterly fails to meet the standards of Fed. R. Civ. P. 8 and 10. Not only does plaintiff's complaint does not provide enough facts or explanation for this court to understand the basis of his claims. Review of plaintiff's fifty-four page complaint and 172 pages of exhibits is difficult, as his claims are cumbersome and difficult to understand stream-of-consciousness. It is entirely unclear the federal laws

4

or constitutional claims under which this plaintiff seeks to proceed, this Court's jurisdiction, or even whether this Court is the proper venue for this action. Plaintiff names as parties the International Court of Justice, Supreme Court of the United States (followed by a list of six apparent cases he potentially attempted to appeal before that Court), United States Courts of Appeals (followed by a list of 15 case names and case numbers), and United States District Courts (followed by a list of 36 case names and case numbers). Compl at 13-18. The complaint itself is otherwise made of long lists of citations to statutes, cases, and persons without any cognizable explanation for how any of plaintiff's specific constitutional rights were violated by any specified defendants. There are also dozens of pages of exhibits appended to the complaint without any explanation as to their relevance. Further, based on the papers appended to the complaint, it appears that plaintiff may have commenced or attempted to commence potentially identical actions in other federal courts, including the Supreme Court of the United States, Fifth Circuit Court of Appeals, District of Kansas. See, e.g., Dkt. No. 1-1 at 3-7, 5, 81-88. Plaintiff names as a "respondent" in the caption of the complaint Rossana Rosado, which may be a reference to the New York State Secretary of State, but does not explain to any extent her connection to the case or how this individual allegedly violated any of plaintiff's constitutional rights nor any federal law for which plaintiff would have standing to bring a federal action. See Compl. at 1. Plaintiff's complaint does not provide a time-frame for any alleged violations of any federal rights or laws. See generally Compl. As plaintiff's complaint is wholly lacking in discernable

5

facts, the undersigned cannot conclude that it has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Although the undersigned is doubtful that permitting an opportunity to amend will result in an amended complaint that complies with Rules 8 and 10 such that this Court may properly assess the pleading pursuant to section 1915, keeping in mind that this Court must provide special solicitude to pro se plaintiffs, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), and in light of the understanding that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir.1983), it is recommended that plaintiff be provided **one** opportunity to amend his complaint.  Plaintiff is advised that, should the District Judge permit an amended complaint, the amended complaint will replaced and supercede the complaint in its entirety and, thus, must contain all of the facts, allegations, and parties plaintiff wishes to include.[2]

---

[2] Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Wiggins v. Buffalo Police Dep't, 320 F. Supp. 2d 53, 59 (W.D.N.Y. 2004).

### IV. Conclusion

**WHEREFORE**, for the reasons set forth within this Report-Recommendation and Order, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No.4) is **GRANTED for purposes of filing only**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice**, providing plaintiff with **one** opportunity to amend; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order and permits plaintiff an opportunity to amend, plaintiff be given thirty (30) days from the District Judge's Order to file an amended complaint, and if plaintiff files an amended complaint, such filing will be forwarded to the undersigned for review of its sufficiency, and if plaintiff fails to file an amended complaint within that time frame, the case will be dismissed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

7

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[3]

**IT IS SO ORDERED**.

Dated: June 18, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal federal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal federal holiday. Id. § 6(a)(1)(C).