**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MANETIRONY CLEVRAIN,**

                **Plaintiff,**

v.                                             1:20-CV-0389
                                                       (TJM/CFH)
**ROSSANA ROSADO,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

The Court referred this *pro se* civil action to the Hon. Christian F. Hummel, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his Report-Recommendation & Order dated June 18, 2020 (Dkt. No. 6), Magistrate Judge Hummel grants Plaintiff *in forma pauperis* status only for purposes of reviewing the sufficiency of the allegations in the complaint, and then proceeds to review those allegations in light of 28 U.S.C. § 1915(e)(2).

Upon this review, Magistrate Judge Hummel finds that the complaint "utterly fails to meet the standards of Fed. R. Civ. P. 8 and 10." Dkt. No. 6 at 4. Magistrate Judge Hummel finds that Plaintiff's fifty-four page complaint consists of difficult to understand stream-of-consciousness statements, and that from the complaint and the 172 pages of exhibits it is entirely unclear as to the federal laws or constitutional claims upon which Plaintiff proceeds,

1

the basis of the Court's jurisdiction, whether the Northern District of New York is the proper venue for this action, the parties Plaintiff seeks to include as defendants, whether Plaintiff has commenced identical actions in other federal courts, whether the named-defendant is a proper party in this action, and the time-frame for any alleged violations of any federal rights or laws. *Id.* at 4-5.  Magistrate Judge Hummel recommends that the complaint be dismissed without prejudice, and that Plaintiff be provided an opportunity to amend within 30 days from the date the Court adopts the dismissal recommendation. *Id.* at 7.  Although late, Plaintiff filed objections to Magistrate Judge Hummel's recommendations. Dkt. No. 8.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings).  After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Having considered Plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the Court has determined to adopt Magistrate Judge Hummel's recommendations for the reasons stated in his report.  The complaint must be

dismissed for failure to comply with Fed. R. Civ. P. 8 and 10.  The Court is unable to discern what facts or claims Plaintiff seeks to present in his complaint, whether the Court has jurisdiction over the action, whether the Northern District of New York is the proper venue for this action, what parties Plaintiff seeks to include as defendants, whether Plaintiff has commenced identical actions in other federal courts, whether the named-defendant is a proper party in this action, and the time-frame for any alleged violations of any federal rights or laws, and thus the complaint must be dismissed. *See Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020).[1]  Because it is possible that Plaintiff could allege actionable claims that could be adjudicated in this court, dismissal will be without prejudice and Plaintiff will be afforded one opportunity to file an amended complaint.  Plaintiff requests, however, that given his current circumstances he be given more than 30 days in which to file an amended complaint. This request is not unreasonable and the Court will allow Plaintiff 60 days in which to do so.

---

[1] ("In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Plaintiff has filed a number of similar suits in district courts throughout the country. *See e.g., Clervrain v. Nejen*, No. 20-cv-134, 2020 WL 2104934 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 WL 1977392 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, 2018 WL 5281366 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty case in various federal courts across the country."). As other courts have stated, Plaintiff's complaints "'contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief.'" *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 WL 1975083, at *2 (quoting *Clervrain v. Coraway*, No. 3:18-cv-819-G-BN, 2018 WL 6313216, at *2 (N.D. Tex. Nov. 9, 2018)). Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. *See* [*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)]; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant. Having conducted the review required by 28 U.S.C. § 1915(e)(2), the Court determines that Plaintiff's complaint will be dismissed as frivolous.")

## IV.  CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation and Order [Dkt. No. 6] for the reasons stated therein.  Therefore, it is hereby

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.  And if is further

**ORDERED** that Plaintiff is **GRANTED LEAVE OF SIXTY (60) DAYS** from the date of this Decision and Order in which to file an amended complaint.  And it further

**ORDERED** that to the extent Plaintiff files a motion (Dkt. No. 8) seeking discovery or a subpoena issued to various parties Plaintiff seeks to add as defendants, that his "removal procedure" be terminated, *see Clervrain v. Sawyer*, 2020 WL 3424893, at *1,[2] that some unidentified cases "be remanded for new jurisdictional terminations and, if appropriate to review the merits," and that the Immigration and Customs Enforcement facility where Plaintiff is currently detained be instructed to provide him access to non-immigration legal materials, the motion is **DENIED WITH LEAVE TO RENEW** if the Court finds that it has jurisdiction over this matter and over the claims to which the relief in the motion relates.

 The Clerk of the Court is directed to provide Plaintiff with a *pro se* civil rights form complaint.  If Plaintiff files an amended complaint, the Clerk of the Court is directed to return

---

[2]("This is a civil action brought by an immigration detainee. . . . Plaintiff Manetirony Clervrain is presently detained at the Moore Detention Center in Okmulgee, Oklahoma. . . .  Plaintiff was released from federal prison on August 29, 2019 . . . . Before his release, he had been serving a 108-month sentence for attempt and conspiracy to commit mail fraud. *See Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018); *United States v. Clervrain*, No. 0:11-cr-20074 (S.D. Fla. Nov. 14, 2012) (Sentencing Hr'g Tr., ECF No. 99, 14:9- 16:14). Apparently, during Plaintiff's incarceration, the Government initiated removal proceedings against him. *See Clervrain v. Barr*, No. 20-60168 (5th Cir. Mar. 4, 2020) (appealing a decision of the Board of Immigration Appeals); 8 U.S.C. § 1227(a)(2).")

the case to Magistrate Judge Hummel to determine whether Plaintiff should be afforded *in forma pauperis* status, *see Clervrain v. Pompeo*, No. 4:20-CV-555-SRC, 2020 WL 1975083, at *1 (E.D. Mo. Apr. 24, 2020),³ and if so, whether some or all of his claims pass muster under 28 U.S.C. § 1915(e)(2).  If Plaintiff does not file an amended complaint within sixty (60) days of the date of this Decision and Order, the Clerk of the Court is directed to close the file in this case.

**IT IS SO ORDERED.**

Dated: August 3, 2020

Thomas J. McAvoy
Senior, U.S. District Judge

---

³("Plaintiff, currently incarcerated at the Moore Detention Center in Okmulgee, Oklahoma, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. . . . A review of court records reveals that plaintiff frequently files federal lawsuits and that he has three strikes under 28 U.S.C. § 1915(g). In 2018, one court concluded that "[s]ince entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty cases in various federal courts across the country." *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018) (citation omitted). Multiple district courts have denied plaintiff Manetirony Clervrain *in forma pauperis* status, under 28 U.S.C. § 1915(g), finding that he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Clervrain v. Brownback*, No. 5:19-CV-3040-SAC, ECF No. 5 (D. Kan. order filed May 8, 2019) (collecting cases); *Clervrain v. Holder*, No. 1:19-CV-890-UNA, ECF No. 51 (D.D.C. order filed Jan. 28, 2020); *Clervrain v. Samuel*, Jr., No. 1:19-CV-468, ECF No. 48 (D.D.C. order filed Mar. 13, 2019) (collecting cases). Therefore, this Court would be unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).")