**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MANETIRONY CLERVRAIN,

                            Plaintiff,                       1:20-CV-389
                                                                          (GLS/CFH)

      v.

ROSSANA ROSADO, et al.

                            Defendants.
_____

**APPEARANCES:**

Manetirony Clervrain
19001382
Moore Detention Center
111 S. Alabama Street
Okmulgee, OK 74447
Plaintiff pro se

**REPORT-RECOMMENDATION & ORDER**

**I. Background**

Plaintiff pro se Manetirony Clervrain purported to commence this action on April 2, 2020, with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. On April 4, 2020, the Court administratively closed the case with opportunity to comply with the filing fee. Dkt. No. 3. Thereafter, the Court granted plaintiff's renewed application to proceed IFP. Dkt. Nos. 4, 5, 6. The undersigned reviewed plaintiff's complaint pursuant to 42 U.S.C. § 1915 and recommended that plaintiff's complaint be dismissed in its entirety without prejudice and with opportunity to amend due to plaintiff's failure to comply with Federal Rules of Civil Procedure (Fed. R. Civ. P.) 8 and 10. Dkt. No. 6. Plaintiff filed objections to the Report-Recommendation

& Order. Dkt. No. 7. The Court adopted the Report-Recommendation & Order. Dkt. No. 9. On September 21, 2020, plaintiff filed an Amended Complaint. Dkt. No. 10. Pending before the Court is review of plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1915. Id.

## II. Review of Amended Complaint

Plaintiff's Amended Complaint, submitted on a form complaint for section 1983 civil rights actions, fails to cure the defects identified in the original complaint. Dkt. No. 10. Plaintiff now names as defendants Rossana Rosado, "Secretary of State"; Dornell Stroble, "Director"; and Chuck Shumer [sic] "Senator." Id. at 1-2. To the extent it can be discerned – read with a very liberal lens – it appears that plaintiff is facing extradition and believes that extradition is improper, potentially because he faces the risk of "genocide" in his home country. Id. at 3. Plaintiff appears to suggest that the named defendants are liable for violations of the "Criminal Massive Issues for Genocide Reform Act," but does not explain how this "law" was violated. Id. at 2. He also suggests that his case involves the question of "whether or not (ICE) official should have known before even placing him in the practice of mental cruelty is presenting to the courts for its intervention by mitigating extortion, genocide[.]" Id. at 3. Further, plaintiff mentions, without elaboration, that there is a "restriction to his mail his legal is questioning to the courts for establishing his rights." Id. Plaintiff also contends that he "was a victim of crimes while in custody of the ("BOP") as well as ("ICE"), and not the excluded other agencies when amending his controversy and he ask the courts if an

2

alien should have access to his privacy to litigate without violation of the Privacy Act." Id. at 3.  Plaintiff next makes a reference to "Mitigating Undue Financial Burdens as Additional evidence by invoking the Ant(s Community Act" (TACA), as the issuance to the challenged the various policy within the practice of mass Deportation and Mass incarceration which the defendants can not denied they are manipulate the market by means of abusing individual with lacking of resources or that is to say that the (INA) is ambiguous." Id. at 3.

In his "prayer for relief," plaintiff requests "on his ['Motion for Marshall service against Unreasonable restriction by invoking the Minor extenuation Conviction Nationality Act (MECNA), as issuance he must release from illegal detention and each of the defendants are collectively liable for for [sic] the controversy, and for them to perform their duty against Mass deportation practice is presenting to the courts for compelling restriction." Dkt. No 10 at 4.

Reading the Amended Complaint with special solicitude, it appears that plaintiff wishes to challenge his pending deportation and/or an unspecified and nationwide policy of "mass deportation" and "mass incarceration" of people with limited financial resources.  Dkt. No. 10 at 3.

First, to the extent plaintiff makes a passing reference to "restrictions" on his mail, plaintiff does not explain who is restricting his mail and under what circumstances. Indeed, does not make clear that any of the named defendants are at all personally involved in any restriction of his mail nor does he explain the circumstances surrounding the apparent restriction nor any consequence of the restriction.

3

To the extent plaintiff contends that he suffered unspecified "crimes" while in custody of the Bureau of Prisons or Immigration ("BOP") or U.S. Immigration and Customs Enforcement ("ICE"), plaintiff does not explain what "crimes" or potentially violations of his civil rights occurred, when, or by whom. Compl. at 3.

Next, plaintiff has fully failed to provide any facts to establish how the named defendants are personally involved in any constitutional violation. It is unclear which statutes plaintiff intends to reference when he names the "Minor extenuation Conviction Nationality Act (MECNA)," "Criminal Massive Issues for Genocide Reform Act,""Ant(s Community Act (TACA)," and "Privacy Act,"[1] as no such federal statutes exist under those names or do not appear to relate to his claims. The Amended Complaint does not provide enough factual support such that the Court can sufficiently identify what statutes he intended to reference.

Ultimately, it appears that plaintiff is bringing this lawsuit in attempt to secure his release from incarceration and an end to his impending deportation because he disagrees with an apparent policy of mass incarceration perpetrated, apparently, by the named defendants. Should plaintiff seek his release from custody, it is well settled that such relief is not available through a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See, e.g., Brown v. Freeport Police Dept., No. 12-CV-4047 SJF GRB, 2013

---

[1] Although there is a "Privacy Act," it does not appear that, in so referencing the Privacy Act, that plaintiff means to cite to the Privacy Act of 1974, 5 U.S.C. § 552a, which relates to federal agencies providing public notice through publication in the Federal Register. However, even if this is the Act to which plaintiff intends to invoke, he still fully fails to explain how it applies to his case, how defendants violated his rights under this Act, or whether he has a private cause of action under this Act.

4

WL 5629637, at *2 (E.D.N.Y. Oct. 9, 2013) (citing cases).² Instead, "'[r]equests for release from custody must be brought under the narrow remedy available in federal habeas corpus, not throught [sic] a damages action.'" Id. at *3 (citation omitted); see Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir.1994) ("habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment . . . .") (citation omitted).  Accordingly, it is recommended that plaintiff's request for release from custody be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),1915A(b)(1) for failure to state a claim for which relief can be granted, but that the dismissal be without prejudice to filing a petition seeking a writ of habeas corpus in the appropriate³ jurisdiction.⁴

---

² Unpublished cases cited within the Report-Recommendation & Order have been provided to plaintiff pro se.

³ Plaintiff is incarcerated in federal prison in Oklahoma, not in the Northern District of New York. Pursuant to 28 U.S.C. § 2241(a), a petition for a writ of habeas corpus must be filed in the federal district court where the petitioner is incarcerated. Should plaintiff seek to bring a habeas corpus petition under § 2255, such petition must be brought in the sentencing court. See Boumediene v. Bush, ____U.S. ___, 128 S.Ct. 2229, 2264 (2008) (noting that the "purpose and effect" of section 2255 was to make post-conviction proceedings for federal prisoners more efficient by directing claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); James v. Schult, No. 9:09-CV-00741(LEK), 2009 WL 1940047, at *2 (N.D.N.Y. July 7, 2009) (citing Williams v. Winn, No. 05 Civ. 40100, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) (since "Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence.")).

⁴ The undersigned makes no finding as to whether plaintiff can properly bring a claim for habeas corpus relief under 28 U.S.C. § 2241, et seq., were he to commence an action in the proper court. Indeed, it is noted that it is does not appear that plaintiff is challenging the execution of his sentence, rather the conviction itself. See Perez v. Breckon, No. 9:17-CV-00353-JKS, 2019 WL 652410, at *1 (N.D.N.Y. Feb. 15, 2019) ("Pursuant to 28 U.S.C. § 2241, federal prisoners who are 'in custody in violation of the Constitution or laws or treaties of the United States,' may seek habeas corpus review.  28 U.S.C. § 2241(c)(3). Relief under § 2241 is available to a federal prisoner who challenges the manner in which a sentence is implemented, as opposed to challenging the underlying legality of the conviction.") (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001)) (additional citation omitted).

Even if plaintiff were requesting relief other than release from custody, it is entirely unclear how any of the name defendants were personally involved in any violation of his constitutional rights such that this complaint may proceed under section 1983.  As plaintiff was advised in the June 18, 2020, Report-Recommendation & Order, dkt. no. 6, his complaint must comply with Fed. R. Civ. P. 8 such that it must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

F<small>ED</small>. R. C<small>IV</small>. P. 8(a).  As plaintiff's Amended Complaint still suffers from an absence of sufficient, cognizable facts, context for his claims,  any explanation of the named defendants' personal involvement in civil rights violations, or even identifiable federal statutes, it cannot be said to comply with Rule 8.  As the Amended Complaint has not stated "enough facts to state a claim to relief that is plausible on its face," it is recommended that the complaint be dismissed.  Twombly, 550 U.S. 570.

### III.  Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's Amended Complaint, dkt. no. 10, be dismissed in its entirety with prejudice, but that the dismissal be without prejudice to filing a petition seeking a writ of habeas corpus in the appropriate jurisdiction; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation &

6

Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 19, 2020
　　　　Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge