**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MANETIRONY CLERVRAIN,**

              **Plaintiff,**

   **v.**                                              1:20-CV-0389
                                                      (TJM/CFH)

**ROSSANA ROSADO,** _et al._**,**

              **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION and ORDER

**I.     BACKGROUND**

On April 2, 2020, Plaintiff Manetirony Clervrain, proceeding pro se, purported to commence this action with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2.  On April 4, 2020, the Court administratively closed the case with an opportunity to submit a proper IFP application or comply with the filing fee. Dkt. No. 3.  Thereafter, the Hon. Christian F. Hummel, United States Magistrate Judge, granted plaintiff's renewed application to proceed IFP. Dkt. Nos. 4, 5, 6.  Judge Hummel reviewed plaintiff's Complaint pursuant to 28 U.S.C. § 1915.  Judge Hummel found that the Complaint "utterly fail[ed] to meet the standards of Fed. R. Civ. P. 8 and 10." Dkt. No. 6 at 4.  Magistrate Judge Hummel found that plaintiff's fifty-four page Complaint consisted of difficult to understand stream-of-consciousness statements, and that from the

Complaint and the 172 pages of exhibits it was entirely unclear as to the federal laws or constitutional claims upon which plaintiff proceeded, the basis of the Court's jurisdiction, whether the Northern District of New York is the proper venue for this action,[1] the parties plaintiff sought to include as defendants, whether plaintiff has commenced identical actions in other federal courts, whether the named-defendant (New York Secretary of State Rossana Rosado) was a proper party in this action, and the time-frame for any alleged violations of any federal rights or laws. *Id.* at 4-5.  Judge Hummel recommended that plaintiff's Complaint be dismissed in its entirety without prejudice and with opportunity to amend due to plaintiff's failure to comply with Fed. R. Civ. P. 8 and 10.  Dkt. No. 6.  Plaintiff filed untimely objections to the Report-Recommendation & Order, which the Court considered because of plaintiff's pro se status. Dkt. No. 7.  The Court adopted the recommendations in the Report-Recommendation & Order. Dkt. No. 9.

On September 21, 2020, plaintiff filed an Amended Complaint. Dkt. No. 10.  Judge Hummel reviewed plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915.  Dkt. No. 19.  On October 19, 2020, Judge Hummel issued a Report-Recommendation and Order recommending dismissal of the action.  Dkt. No. 19.  Judge Hummel found that the Amended Complaint, which was submitted on a form complaint for Section 1983 civil rights actions, failed to cure the defects identified in the original complaint. *Id.* at 2. In the Amended Complaint plaintiff names as defendants Rossana Rosado, "Secretary of State"; Dornell Stroble, "Director";[2] and Chuck Shumer [sic] "Senator."   Reading the Amended

---

[1]At the time plaintiff filed his Complaint and Amended Complaint, he was detained in the Moore Detention Center in Okmulgee, Oklahoma. *See* Dkt. Nos. 1-1, 10-1.  On February 25, 2021, plaintiff submitted change of address notification indicating that he is now residing in Anderson, Indiana. Dkt. No. 28.

[2]It is unclear what Stroble is the Director of.

2

Complaint liberally, Judge Hummel concluded that plaintiff seeks, at least in part, to challenge his pending deportation because plaintiff believes that extradition is improper, potentially because he faces the risk of "genocide" in his home country. *Id.* at 3. Judge Hummel found that to the extent plaintiff seeks his release from custody, "it is well settled that such relief is not available through a civil rights complaint brought pursuant to 42 U.S.C. § 1983." *Id.* at 4 (citing *Brown v. Freeport Police Dept.*, No. 12-CV-4047 SJF GRB, 2013 WL 5629637, at *2 (E.D.N.Y. Oct. 9, 2013) (citing cases)). Instead, Judge Hummel pointed out that requests for release from custody must be brought "under the narrow remedy available in federal habeas corpus." *Id.* at 5 (citing *Brown*). Accordingly, Judge Hummel recommended that "plaintiff's request for release from custody be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),1915A(b)(1) for failure to state a claim for which relief can be granted, but that the dismissal be without prejudice to filing a petition seeking a writ of habeas corpus in the appropriate jurisdiction." *Id.* (footnotes omitted). Judge Hummel correctly noted in a footnote that because plaintiff was incarcerated in a federal prison in Oklahoma, not in the Northern District of New York, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a) had to be filed in the federal district court where plaintiff was incarcerated. *Id.* at n. 3. Judge Hummel also correctly noted that should plaintiff seek to bring a habeas corpus petition under § 2255, such petition must be brought in the sentencing court. *Id.* Plaintiff was not sentenced in the Northern District of New York.

Judge Hummel also concluded that, to the extent plaintiff seeks to bring claims based on an unspecified and nationwide policy of "mass deportation" and "mass

3

incarceration" of people with limited financial resources, restrictions on his mail, or because plaintiff contends he has suffered unspecified "crimes" while in custody of the Bureau of Prisons ("BOP") or U.S. Immigration and Customs Enforcement ("ICE"), "plaintiff has fully failed to provide any facts to establish how the named defendants are personally involved" in any violations of the U.S. Constitution or federal law. *Id.* at 4; *see id.* at 6 ("Even if plaintiff were requesting relief other than release from custody, it is entirely unclear how any of the named defendants were personally involved in any violation of his constitutional rights such that this complaint may proceed under section 1983."); *id.* ("As plaintiff's Amended Complaint still suffers from an absence of sufficient, cognizable facts, context for his claims, any explanation of the named defendants' personal involvement in civil rights violations, or even identifiable federal statutes, it cannot be said to comply with Rule 8."). Thus, Judge Hummel recommended that because "the Amended Complaint has not stated 'enough facts to state a claim to relief that is plausible on its face,'" it be dismissed. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ultimately, Judge Hummel recommended that plaintiff's Amended Complaint be dismissed in its entirety with prejudice, but that the dismissal be without prejudice to filing a petition seeking a writ of habeas corpus in the appropriate jurisdiction. *Id.* Plaintiff did not file timely objections to the Report-Recommendation & Order, but on December 14, 2020 filed a document titled "MOTION FOR EXTENTION [sic] AND CHALLENGINF [sic] ILLEGAL RECOMMNEDANTIONS [sic] AND CONTROVERSY BY INVOKING THE JUDICIAL OFFICIAL NEGLIGENCE ACT ("JONA")." Dkt. No. 20. The Court reviewed the

4

document and found it appears to be plaintiff's objections to Judge Hummel's October 19, 2020 Report-Recommendation and Order, and a request to file the objections beyond 28 U.S.C. § 636(b)(1)'s 14-day limitation in which to file written objections. The Court accepted Dkt. No. 20 as plaintiff's out-of-time objections. *See* 12/17/20 Text Order, Dkt. No. 21.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Having considered plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the Court has determined to adopt Judge Hummel's recommendations for the reasons stated in his report. Plaintiff's arguments in the objections are as difficult to understand as the allegations contained in the Complaint and Amended Complaint. Plaintiff appears to contend that Judge Hummel erred because he

deemed the Amended Complaint to involve only three defendants, not the "24 co-defendants" referenced in the Complaint.  The Court notes that the Complaint contained lists of individuals, some of whom are identifiable as former or present elected federal officials, but did not indicate how these individuals were involved in any claim that plaintiff sought to bring in the Complaint.  The Amended Complaint names only three defendants.  If plaintiff believed that other individuals were involved in the claims sought to be litigated in this matter, then he should have included them in his amended pleading. *See* N.D.N.Y. Local Rule 15.1(a)(an amended pleading is deemed to supersede in all respects the pleading it seeks to amend).  Furthermore, as indicated by Judge Hummel, plaintiff does not even indicate how the three named defendants were involved in any of the putative claims in this matter.  Plaintiff's objection regarding the defendants in this matter is overruled because plaintiff does not identify how *any* individual was personally involved in a violation of plaintiff's rights protected by the U.S. Constitution or actual or applicable federal law.  *See Clervrain v. Lee*, No. 3:20-CV-548-TAV-DCP, 2021 WL 141793, at *1 (E.D. Tenn. Jan. 14, 2021).[3]

Plaintiff's objections indicate that he has 114 cases pending across the country "with related matters."  Dkt. No. 20 at 4.   A review of caselaw indicates that plaintiff has

---

[3]("Plaintiff has long been deemed a three-striker who has abused the judicial process. *See, e.g., Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *1 (W.D. Ark. Apr. 24, 2020) (acknowledging three strikes bar). He has apparently filed numerous, similar lawsuits throughout the country, causing one court to accuse Plaintiff of attempting to "bamboozle the court." *Clervrain v. Washington*, No. 2:20-CV-5706, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020). Another court referred to his pleadings in various courts as "jabberwocky." *Wilson*, 2020 WL 1977392, at *2. The pleadings presented to this Court are no clearer. It appears that Plaintiff is presumably facing deportation, as he alternatively refers to himself throughout his complaint as "The Activist," "The ANT," and the "Deportable Alien" [Doc. 1, p. 1]. He alleges violations of the "Administrative Procedure Act," the "Freedom of Information Act," "The Patent Act," "The Copyright Act," and he references "The ANT Movement Act" and the "Prohibition Financial Burden Act" [See id. at 1–2]. In sum, his complaint, while perfectly legible, is entirely nonsensical. Moreover, he does not identify the Defendant or explain his relevance to this lawsuit [See Docs. 1 and 4].")

brought similar actions in numerous federal courts despite the lack of any connection with the forum or the defendants named in the action. *See*, *e.g., Clervrain v. Nielsen*, No. CV 20-00603-JB-B, 2021 WL 836872, at *1–2 (S.D. Ala. Feb. 4, 2021), *report and recommendation adopted*, No. CV 20-00603-JB-B, 2021 WL 833056 (S.D. Ala. Mar. 4, 2021).[4] Although difficult to decipher, it appears that plaintiff is arguing that the three defendants named here are responsible for preventing him from receiving his legal mail which prevents him from proceeding in these other actions. However, as Judge Hummel indicated, plaintiff has not shown a plausible basis to conclude that any of the named defendants had any personal involvement in the circumstances underlying plaintiff's claims, and plaintiff's objections do nothing to call into question this conclusion. Because there is no plausible basis to find personal involvement by any of the defendants in this action, plaintiff's objection in this regard is overruled.

Next, plaintiff challenges the dismissal of his civil claims with prejudice because

---

[4]("Because Clervrain sought leave to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). At the outset, the Court notes that Clervrain's complaint appears to have no connection whatsoever with the Southern District of Alabama. Furthermore, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of other federal courts to determine if Clervrain has had three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

In recent cases filed by Clervrain in the Northern District of Alabama, the Northern District of Florida, and the United States District Court for the District of Minnesota, those courts have found that Clervrain has filed many actions in multiple jurisdictions and has, on three or more prior occasions while incarcerated, had his cases dismissed as frivolous. *See, e.g., Clervrain v. Way*, 2020 U.S. Dist. LEXIS 119387, *3 (N.D. Ala. June 5, 2020), *report and recommendation adopted*, 2020 WL 3790691, *1 (N.D. Ala. July 7, 2020)("[Clervrain] has had at least three cases dismissed as frivolous and alleges no facts suggesting he is under imminent danger of serious physical injury."); *Clervrain v. Scott*, 2019 U.S. Dist. LEXIS 107982 *3, 2019 WL 2620733, *2 (N.D. Fla. Apr. 16, 2019), *report and recommendation adopted*, 2019 WL 2619533 (N.D. Fla. June 25, 2019)(confirming that Clervrain had filed "nearly 40 cases in federal courts spanning from California to Florida, Pennsylvania to Texas" and had at least five strikes, making it "unnecessary to further detail Plaintiff's litigation history.")(citing cases); *Clervrain v. Dayton*, 2021 U.S. Dist. LEXIS 12231 *1, 2021 WL 222934, *2 (D. Minn. Jan. 22, 2021)("On more than three prior occasions, cases filed by Clervrain have been dismissed as frivolous or for failure to state a claim on which relief can be granted.")(citing cases).")

plaintiff believes that the judges involved in this matter have changed. He bases this conclusion on the fact that Judge Hummel's Report-Recommendation and Order, although containing the correct caption and civil action number, indicates that the assigned judges' initials are "GLS/CFH." This is clearly a typographical error that does not affect either the substance of Judge Hummel's recommendations or the fact that the undersigned is still assigned to this matter. More to the point, despite that plaintiff was given an opportunity to cure the defects in the Complaint, he failed to do so. His claims in the Amended Complaint fail to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a review of the Amended Complaint indicates that plaintiff's civil claims "lack[] an arguable basis either in law or fact" to be brought in this court, and thus are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The Court agrees with Judge Hummel's recommendation that the civil claims be dismissed with prejudice. Plaintiff's objection in this regard is overruled.

In a confusing argument seemingly addressed to whether the Court has jurisdiction to decide a habeas corpus petition related to plaintiff's detention, plaintiff actually asserts that he has a habeas corpus petition pending in the District of Oklahoma. Dkt. No. 20, at 3. Thus, plaintiff's objection in this regard is overruled.

The Court has reviewed the remainder of the arguments presented in plaintiff's objections, Dkt. No. 20, and finds they fail to present viable bases to challenge Judge Hummel's recommendations.

## IV.    CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the

Report-Recommendation and Order [Dkt. No. 19] for the reasons stated therein. Therefore, the Amended Complaint [Dkt. No. 10] is **DISMISSED in its entirety with prejudice, but that the dismissal is without prejudice to filing a petition seeking a writ of habeas corpus in the appropriate jurisdiction.** The Court further **CERTIFIES** that an appeal would not be taken in good faith, and therefore, should plaintiff seek leave to appeal IFP, he is **DENIED** permission to proceed IFP on appeal. 28 U.S.C. § 1915(a)(3). Plaintiff's various motions, Dkt. Nos. 11-18, 22-24, 26-27, 29-33, are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 21, 2021

Thomas J. McAvoy
Senior, U.S. District Judge